## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EDWARD ALLEN,<br>87490 Rhodowood Drive<br>Florence, OR 97439 | ) ) ) ) ) |
| JOHN ARSENAULT,<br>2425 Tamarindo Drive<br>The Villages, FL 32162 | ) ) ) ) |
| TERRANCE FOWLER,<br>8132 Number Four Road<br>Lowville, NY 13367 | ) ) ) ) |
| JOSHUA KIMMEL<br>34184 Oak Hammock Drive<br>Dade City, FL 33523 | ) ) ) ) |
| EARL PAULSON,<br>11684 Horizon Court<br>Fishers, IN 46037 | ) ) ) ) |
| KENNETH SCHMIDT<br>3705 Fond Du Lac Drive<br>Richfield, WI 53076 | ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 1:25-cv-274 |
| v. | ) **COMPLAINT FOR DECLARATORY**<br>) **AND INJUNCTIVE RELIEF** |
| U.S. DEPARTMENT OF VETERANS<br>AFFAIRS<br>810 Vermont Avenue NW<br>Washington, D.C. 20420 | ) ) ) ) |
| Defendant. | ) ) |

## INTRODUCTION

1.  Plaintiffs Edward Allen, John Arsenault, Terrance Fowler, Joshua Kimmel, Earl Paulson,

and Kenneth Schmidt each bring this action pursuant to the Privacy Act of 1974, 5 U.S.C.

§ 552a(g), the Freedom of Information Act ("FOIA"), 5 U.S.C. 552(a)(4)(B), the Administrative Procedure Act (APA), 5 U.S.C. §§ 702 and 706, and the All Writs Act, 28 U.S.C. § 1651(a) to enjoin defendant United States Department of Veterans Affairs (VA) from continuing to withhold from each such Plaintiff the agency records to which such Plaintiff requested access under the Privacy Act, 5 U.S.C. § 552a(d)(1) and the FOIA. Each of the six Plaintiffs is a veteran of the U.S. Armed Forces who previously filed a claim with VA pursuant to 38 U.S.C. § 1725 for reimbursement of the emergency medical expenses that he incurred at non-VA facilities. In written letters received by VA between 22 and 31 months prior to the date of this complaint, each Plaintiff requested pursuant to the Privacy Act and the FOIA access to the records maintained by VA that relate to that veteran's statutory reimbursement claims. Each Plaintiff needs access to these records in order to pursue further and effectively their previously filed reimbursement claims. After many months expired without any response by VA to each Plaintiff's Privacy Act and FOIA requests, each Plaintiff, through counsel, subsequently pursued his Privacy Act request with VA's Privacy Officers. To date, defendant VA has not provided any of the Plaintiffs with access to the records requested under the Privacy Act and FOIA, notwithstanding the fact that all of the veterans long ago sent written Privacy Act and FOIA requests to VA for access. VA's withholding of the documents at issue has left and continues to leave each Plaintiff in the dark as to the status of his reimbursement claims and how VA has processed his claims. Moreover, VA's withholding has harmed and continues to harm each Plaintiff's ability to effectively pursue his previously filed claims for reimbursement of emergency medical expenses incurred at non-VA facilities. Accordingly, each of the six individual Plaintiffs seeks declaratory and injunctive relief to remedy VA's unreasonable delay in providing each Plaintiff with access to his requested records and VA's

unreasonable delay in even making a decision on whether VA will provide access to the requested records.

## PARTIES

2.   Plaintiff Edward Allen is a veteran of the United States Navy. He served on active duty in the Navy from 1964 to 1967. Mr. Allen initially sent to VA two identical Privacy Act and FOIA requests, one dated September 28, 2022 and one dated January 25, 2023, for access to documents related to his previously filed VA claims for reimbursement of emergency medical expenses incurred by Mr. Allen at non-VA medical facilities. After many months expired without any response by VA to either of these two requests, Mr. Allen, through counsel, subsequently pursued his Privacy Act requests, without success, with a VA Privacy Officer. To date, the VA has still not provided Mr. Allen with access to the requested records.

3.   Plaintiff John Arsenault is a veteran of the United States Army. He served on active duty in the Army from 1956 to 1958. Mr. Arsenault sent to VA two identical Privacy Act and FOIA requests, one dated September 29, 2022 and one dated February 1, 2023, for access to documents related to his previously filed VA claims for reimbursement of emergency medical expenses incurred by Mr. Arsenault at non-VA medical facilities. After many months expired without any response by VA to either of these two requests, Mr. Arsenault, through counsel, subsequently pursued his Privacy Act requests, without success, with a VA Privacy Officer. To date, the VA has still not provided Mr. Arsenault with access to the requested records.

4.   Plaintiff Terrance Fowler is a veteran of the United States Marine Corps. He served on active duty from 1962 to 1967. Mr. Fowler initially sent to VA two identical Privacy Act and FOIA requests, both dated July 13, 2022, and a third identical request, dated October 6, 2022, for access to documents related to his previously filed VA claims for reimbursement of emergency medical

expenses incurred by Mr. Fowler at non-VA medical facilities. After many months expired without any response by VA to any of these three requests, Mr. Fowler, through counsel, subsequently pursued his Privacy Act requests, without success, with a VA Privacy Officer. To date, the VA still has not provided Mr. Fowler with access to the requested records.

5.    Plaintiff Joshua Kimmel is a veteran of the United States Army. He served on active duty from 1994 to 1999. Mr. Kimmel initially sent to VA two identical Privacy Act and FOIA requests, one dated June 29, 2022 and one dated October 6, 2022 for access to documents related to his previously filed VA claims for reimbursement of emergency medical expenses incurred by Mr. Kimmel at non-VA medical facilities. After many months expired without a response by VA to either of these two requests, Mr. Kimmel, through counsel, subsequently pursued his Privacy Act requests, without success, with a VA Privacy Officer. To date, the VA has still not provided Mr. Kimmel with access to the requested records.

6.    Plaintiff Earl Paulson is a veteran of the United States Navy. He served on active duty with the Navy from 1954 to 1958. Mr. Paulson sent to VA a Privacy Act and FOIA request dated November 3, 2022 for access to documents related to his previously filed VA claims for reimbursement for emergency care rendered at non-VA medical facilities. After many months expired without any response by VA to this request, Mr. Paulson, through counsel, subsequently pursued his Privacy Act request, without success, with a VA Privacy Officer. To date, the VA has still not provided Mr. Paulson with access to the requested records.

7.    Plaintiff Kenneth Schmidt is a veteran of the United States Army.  Mr. Schmidt sent to VA a Privacy Act and FOIA request dated March 6, 2023 for access to documents related to his previously filed VA claims for reimbursement for emergency care rendered at non-VA medical facilities. After many months expired without any response by VA to this request, Mr. Schmidt,

4

through counsel, subsequently pursued his Privacy Act request, without success, with a VA Privacy Officer. To date, the VA has still not provided Mr. Schmidt with access to the requested records.

8.  Each of the foregoing Plaintiffs is an "individual" within the meaning of the Privacy Act, 5 U.S.C. § 552a(a)(2) and a "person" within the meaning of the FOIA.

9.  Defendant United States Department of Veterans Affairs is an "agency" within the meaning of the Privacy Act, 5 U.S.C. § 552a(a)(1) and FOIA, 5 U.S.C. § 552(a).

## JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1), 28 U.S.C. § 1331, and 28 U.S.C. § 1651(a).

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5) and 5 U.S.C. § 703.

## VA REIMBURSEMENT OF EMERGENCY MEDICAL EXPENSES INCURRED BY VETERANS AT NON-VA MEDICAL FACILITIES

12. The VA provides health care to millions of enrolled veterans through its Veterans Health Administration (VHA), the largest health care system in the country. Eligibility for enrollment in the VA health care system is determined by statute. *See* 38 U.S.C. § 1705. For those who are enrolled, and subject to certain other criteria, the VA provides free hospital care. *See* 38 U.S.C. § 1710(a), (e); 38 C.F.R. § 17.108(d), (e). Enrolled veterans with other health care coverage, such as private insurance, Medicare, or Medicaid, may choose to use those sources of coverage to supplement their VA health care benefits. In emergencies, enrolled veterans are entitled to obtain medical care at the nearest hospital emergency department and to obtain reimbursement from the VA for the cost of treatment, with some exceptions. *See* 38 U.S.C. § 1725. An enrolled veteran whose cost of treatment at a non-VA emergency department is partially covered by the veteran's

private insurance, such as Medicare, Medicaid, or employer-sponsored, may obtain reimbursement from the VA under 38 U.S.C. § 1725 for the cost of treatment not covered by the veteran's private insurance carrier, with certain exceptions.

13. During all time periods relevant to this complaint, VA maintained a form (VA Form 10-583) for veterans and their non-VA health care providers to use to file a VA claim for reimbursement of emergency health care expenses incurred at non-VA facilities pursuant to 38 U.S.C. § 1725. That form stated that "[t]his form and relevant documents must be sent to the VA Medical Facility where the Veteran is enrolled for health care." In contrast to VA compensation or pension claims for disability and death, which are filed with, processed, and adjudicated by the Veterans Benefits Administration (VBA), all Section 1725 reimbursement claims are filed with, processed, and adjudicated by the Veterans Health Administration (VHA).

14. Veterans' benefits administered by the VA are a protected property interest under the Fifth Amendment to the U.S. Constitution because they are statutorily mandated and nondiscretionary in nature. Veterans who apply for these benefits are entitled to due process in VA benefit proceedings. *See Cushman v. Shinseki*, 576 F.3d 1290 (Fed. Cir. 2009). After discharge from military service, Plaintiffs Edward Allen, John Arsenault, Terrance Fowler, Joshua Kimmel, Earl Paulson, and Kenneth Schmidt each enrolled in the VA health care system maintained by VA and thereafter experienced one or more medical emergencies. Each of these veterans sought and received emergency medical treatment at a non-VA emergency care facility located closer to the veteran than any VA emergency care facility. Thereafter, each Plaintiff (or his emergency medical care provider(s) on his behalf) submitted to VA claims for reimbursement for the emergency medical expenses that each such Plaintiff incurred. At the time each of these reimbursement claims was filed, the veteran had private health insurance that covered part, but not all of the emergency

medical expenses for which the veteran was liable. Each of these reimbursement claims was made pursuant to 38 U.S.C. § 1725.

## ACCESS BY VETERANS PURSUANT TO THE PRIVACY ACT TO RECORDS MAINTAINED BY VHA THAT RELATE TO THE VETERAN'S REIMBURSEMENT CLAIMS

15. The records that the VHA maintains regarding a veteran's claim pursuant to 38 U.S.C. § 1725 for reimbursement of emergency medical expenses typically include (a) the written reimbursement claim; (b) billing information prepared by non-VA emergency transportation and medical treatment providers; (c) VHA requests for information relevant to the reimbursement claim sent to non-VA health care providers, the veteran's private health insurance carrier(s), and/or the veteran; (d) responses or other communications sent to VA by non-VA health care providers, the veteran's private health insurance carrier(s), and the veteran that relate to the reimbursement claim; (e) VHA decisional documents related to the reimbursement claim; and (f) requests from VHA to the U.S. Treasury for payments related to the reimbursement claim. These records are typically maintained in one or more VA "system or records" within the meaning 5 U.S.C. § 552a(a)(5), from which information can be retrieved by the name or other identifier assigned to the reimbursement claimant.

16. When a veteran requests access to records maintained by VHA or VBA in one or more of its systems of records under the Privacy Act, the Privacy Act and its implementing regulations require the VA to either (a) provide the veteran with access to or a copy of the requested records or (b) inform the veteran in writing of the denial of the request, the reason(s) for the denial, and notice that the veteran may appeal. 5 U.S.C § 552a(d)(1); 38 C.F.R. §§ 1.577, 1.580. When a veteran requests records maintained by VHA or VBA under the FOIA, the FOIA requires the VA to determine within 20 business days of receipt of the request whether to comply with such request

and shall immediately notify the requester the of determination, and, if a denial, the right to appeal to the head of the agency. 5 U.S.C § 552(a)(6)(A).

17. The VA's procedures for processing Privacy Act requests state that "[r]equests for access to records will be acknowledged within 10 business days if the response cannot be provided within 20 business days, as required by the Privacy Act." VA Handbook 6300.4(3)(d)(1) (Aug. 19, 2013), available at https://www.va.gov/vapubs/search_action.cfm?dType=2.

18. The VA must inform an individual requesting access to his or her own records in writing when it decides to deny the request for access. 38 C.F.R. § 1.580(a). Any adverse determination notice must be signed by the component head or the component's Privacy Officer, and include the name and title or position of the person responsible for the adverse determination, a brief statement of the reason(s) for the denial and the policy upon which it is based, and notice that the requester may appeal the adverse determination along with instructions on how to do so. *Id.*

## PLAINTIFF EDWARD ALLEN'S PRIVACY ACT AND FOIA REQUESTS

19. While enrolled in the VA health care system, Plaintiff Edward Allen experienced more than one medical emergency. On each such occasion, Mr. Allen sought and received emergency medical treatment at a non-VA emergency care facility located closer to him than any VA emergency care facility. Thereafter, Mr. Allen (or his emergency medical care provider(s) on his behalf) submitted to VA claims under 38 U.S.C. § 1725 for reimbursement for the emergency medical expenses that Mr. Allen incurred for emergency services rendered at several non-VA medical facilities in Oregon (a) beginning on December 29, 2017 and continuing each day through and including January 1, 2018, and (b) on February 20, 2018.

20. As a result of at least some of Mr. Allen's reimbursement claims, VA issued Mr. Allen payments on December 14, 2020 and December 18, 2020 for some, but not all of the medical

expenses incurred at those facilities. Mr. Allen believes that VA still owes him additional reimbursement payments for the emergency services discussed in paragraph 19 above.

21. On February 26, 2021, Mr. Allen signed a VA Form 21-22a appointing Barton F. Stichman (Mr. Stichman), a VA-accredited attorney, to represent him before the VA regarding his reimbursement claims for emergency medical expenses incurred at non-VA facilities. Mr. Stichman represents Mr. Allen on a pro bono basis.

22. On September 28, 2022, Mr. Stichman sent a written Privacy Act and FOIA request on behalf of Mr. Allen to VA Eugene Healthcare Center, 3355 Chad Drive, Eugene, OR 97408, the address of the VA medical facility where Mr. Allen receives VA health care and the address to which VA Form 10-583 states that veterans like Mr. Allen must submit reimbursement claims pursuant to 38 U.S.C. § 1725. The Privacy Act and FOIA request sought access to "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Allen or any of his health care providers for emergency care services . . ." Attached to the September 28, 2022 request was (i) a Privacy Act waiver form signed by Mr. Allen authorizing disclosure of his records to Mr. Stichman, (ii) VA Form 21-22a appointing Mr. Stichman as Mr. Allen's representative, and (iii) a signed VA Form 20-10206 requesting the documents under the Privacy Act and Freedom of Information Act (FOIA). *See* Plaintiffs' Exhibit A hereto. The VA Eugene Healthcare Center received the September 28, 2022 Privacy Act and FOIA request on October 3, 2022, as shown by a certified mail return receipt.

23. Mr. Stichman received a fax transmittal in December 2022 with a letter dated November 16, 2022 from Charles Martin, Release of Information (ROI), Roseburg VA Healthcare System, Department of Veteran Affairs. The November 16, 2022 letter from VA requested that Mr. Allen

complete a VA Form 10-5345, Request for and Authorization to Release Health Information, in order to gain access to the requested records.

24. On January 25, 2023, Mr. Stichman sent by mail the completed VA Form 10-5345, Request for and Authorization to Release Health Information to Roseburg VA Healthcare System, Department of Veteran Affairs. Enclosed with the form was a cover letter again requesting access to "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Allen or any of his health care providers for emergency care services" rendered at numerous specified non-VA facilities on numerous specified dates. *See* Plaintiffs' Exhibit B hereto.

25. The Roseburg VA Healthcare System received the completed VA Form 10-5345 on January 30, 2023, as shown by a certified mail return receipt.

26. When neither Mr. Stichman nor Mr. Allen received any confirmation or additional correspondence from VA to any of his requests for access to Mr. Allen's records for over 20 months after VA received Mr. Allen's signed VA Form 10-5345, Mr. Stichman and attorney colleague Ryan Kelley (Mr. Kelley) called the Roseburg VA Healthcare System Privacy Office on August 22, 2024. VHA Privacy Officer Barrett Smith informed Mr. Stichman and Mr. Kelley over the telephone on that date that VA had allegedly not received either the 2022 or 2023 Privacy Act/FOIA request, and Mr. Smith suggested that they send a copy of the request to a fax number supplied by Mr. Smith.

27. On August 22, 2024, Mr. Stichman and Mr. Kelley faxed the same prior Privacy Act/FOIA request and associated documents to the fax number Mr. Smith provided. Again, attached to the request was the same Privacy Act waiver form signed by Mr. Allen authorizing disclosure of his

records to Mr. Stichman, the VA Form 21-22a appointing Mr. Stichman as Mr. Allen's representative, a signed VA Form 20-10206 requesting the information under the Privacy Act and FOIA, and a completed VA Form 10-5345.

28. On September 13, 2024, Mr. Stichman received a fax from Michael Davis of the Roseburg VA Healthcare System Release of Information Office with the subject line "Medical Records." The fax included a cover letter which stated that "the requested information has been granted in full" and providing a telephone number to contact for any questions. Although the documents included in the response contained some medical treatment records from VA medical professionals, none of the documents disclosed by Mr. Davis were among the documents requested in Mr. Allen's 2022 or 2023 Privacy Act/FOIA requests, which focused on records related to the processing of claims for reimbursement for emergency medical expenses incurred at *non-VA facilities* – not VA facilities.

29. On September 23, 2024, Messrs. Stichman and Kelley called Mr. Davis at the number provided in the September 13, 2024 cover letter to attempt once again to obtain access to the requested records. Mr. Davis informed Messrs. Stichman and Kelley that he did not have custody of the requested records and transferred Messrs. Stichman and Kelley back to Mr. Smith, who then informed Messrs. Kelley and Stichman that he would talk to his director and attempt to obtain the requested records.

30. On October 1, 2024, Messrs. Stichman and Kelley again called Mr. Smith to check on the status of the records request. Mr. Smith informed Messrs. Stichman and Kelley that they would have to call the Portland VA Privacy Office to further pursue Mr. Allen's Privacy Act/FOIA requests, and provided them the telephone number of that Office.

31. On October 1, 2024, Messrs. Stichman and Kelley telephoned the Portland VA Privacy Office and spoke with Privacy Officer Brooke Smith. Ms. Smith asked Messrs. Stichman and Kelley to fax the Privacy Act/FOIA request to the Portland VA Privacy Office and provided a fax number.

32. On October 1, 2024, Messrs. Stichman and Kelley faxed the prior Privacy Act/FOIA request and associated attachments to the Portland VA Privacy Office using the fax number supplied by Ms. Smith.

33. As of the date of this complaint, the VA has not (a) responded to any of Mr. Allen's Privacy Act/FOIA requests other than as described above, (b) provided Mr. Allen or his counsel access to any of the requested records, and (c) conducted an adequate search for the requested records. The lack of access to the requested records has deprived and continues to deprive Mr. Allen and his counsel of the ability to effectively pursue the reimbursement claims discussed in paragraph 19 above.

**PLAINTIFF JOHN ARSENAULT'S PRIVACY ACT AND FOIA REQUESTS**

34. While enrolled in the VA health care system, Plaintiff John Arsenault experienced one or more medical emergencies. Mr. Arsenault sought and received emergency medical treatment at non-VA emergency care facilities located closer to him than any VA emergency care facility. Thereafter, Mr. Arsenault (or his emergency health care providers on his behalf) submitted to VA claims pursuant to 38 U.S.C. § 1725 for reimbursement of the emergency medical expenses he incurred for emergency services rendered at several non-VA medical facilities in Florida beginning on August 27, 2018 and continuing on each day through and including September 1, 2018.

35. In a letter to Mr. Arsenault dated March 31, 2021, VA stated that Mr. Arsenault's reimbursement claims for episodes of emergency care on August 31, 2018 and on September 1,

2018 had previously been readjudicated and that VA had sent him a denial letter on February 26, 2021.

36. In a letter to Mr. Arsenault dated June 30, 2021, VA informed Mr. Arsenault that VA had wrongly interpreted 38 U.S.C. § 1725 (the reimbursement statute) and that Mr. Arsenault would receive payment on his reimbursement claims within four to six weeks. The June 30, 2021 letter did not refer to the emergency treatment dates or the amount of the payment that VA would make to Mr. Arsenault. Six weeks expired without VA making any payment to Mr. Arsenault.

37. In a letter dated August 25, 2021 to Mr. Arsenault, VA stated that it had approved a reimbursement amount of $1.87 for Mr. Arsenault's episode of care date of August 27, 2018. That letter did not refer to any of the emergency medical expenses incurred by Mr. Arsenault on the other dates covered by his reimbursement claims.

38. Thereafter, Mr. Arsenault signed a VA Form 21-22a appointing Mr. Stichman to represent him before the VA regarding his entitlement to reimbursement of emergency medical expenses incurred at non-VA facilities. Mr. Stichman represents Mr. Arsenault on a pro bono basis.

39. On September 29, 2022, Mr. Stichman sent a request under the Privacy Act and FOIA on behalf of Mr. Arsenault seeking access to "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Arsenault or any of his health care providers for emergency care services" at numerous specified non-VA facilities on numerous specified episode of care dates. *See* Plaintiffs' Exhibit C hereto. The Privacy Act/FOIA request was sent to Mulberry Grove Care Center, 877 SE 165 Mulberry Lane, The Villages, FL 32162, the VA medical facility where Mr. Arsenault receives VA medical care and the address to which VA

Form 10-583 states that veterans like Mr. Arsenault must submit reimbursement claims pursuant to 38 U.S.C. § 1725.

40. Attached to the September 29, 2022 request was a Privacy Act waiver form signed by Mr. Arsenault authorizing disclosure of his records to Mr. Stichman, the VA Form 21-22a appointing Mr. Stichman as Mr. Arsenault's representative, and a completed and signed VA Form 20-10206 (entitled "Freedom of Information Act (FOIA) or Privacy Act (PA) Request") requesting access to the foregoing records. *See* Plaintiffs' Exhibit C hereto.

41. As of February 7, 2023, neither Mr. Stichman nor Mr. Arsenault had received any communication from VA about, or acknowledgement of, the September 29, 2022 Privacy Act/FOIA request. On February 7, 2023, Mr. Stichman sent to The Villages VA Clinic OPC, 8900 Southeast 165th Mulberry Ln., The Villages, FL 32162 a Privacy Act/FOIA request dated February 1, 2023 on behalf of Mr. Arsenault that was otherwise identical to the one sent on September 29, 2022, seeking "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Arsenault or any of his health care providers for emergency care services," rendered at numerous specified non-VA facilities on numerous specified episode of care dates.

42. Attached to the February 2023 request was the same Privacy Act waiver form signed by Mr. Arsenault authorizing disclosure of his records to Mr. Stichman, VA Form 21-22a appointing Mr. Stichman as Mr. Arsenault's representative, and completed and signed VA Privacy Act Form 20-10206 requesting access to the foregoing records that was submitted on September 29, 2022.

43. Because neither Mr. Arsenault or his counsel had received any written response to the Privacy Act/FOIA requests discussed above, on August 26, 2024, Mr. Stichman and his colleague, Mr. Kelley, called the Privacy Office at the Malcolm Randall VA Medical Center in Gainesville,

FL, the medical center overseeing the Villages VA Clinic where Mr. Arsenault received VA health care, and spoke with VA Privacy Officer Mike Bond.

44. Mr. Bond asked Messrs. Stichman and Kelley to email the Privacy Act/FOIA request to him at VHANFLPrivacyOffice@va.gov and stated that he would forward it wherever it needed to go. Mr. Stichman sent the Privacy Act/FOIA request and associated attachments to that email address on August 26, 2024.

45. On October 1, 2024, Messrs. Stichman and Kelley telephoned the Malcolm Randall VA Medical Center Privacy Office and again spoke with Mr. Bond. Mr. Bond informed Messrs. Stichman and Kelley that Mr. Arsenault's Privacy Act/FOIA request had been sent to the Community Care Office in Gainesville, FL, and that the Chief of Community Care at that office was Ms. Ward. Mr. Bond said he would follow up on the request with Ms. Ward and contact Mr. Stichman once he had done so.

46. On October 2, 2024, Mr. Bond called Mr. Stichman and informed him that the Gainesville Community Care Office did not have access to the records requested in the Privacy Act/FOIA request, and that he had no further suggestions on how to obtain access to the records sought.

47. As of the date of this complaint, neither Mr. Arsenault nor Mr. Stichman has (a) received a written response to the Privacy Act/FOIA requests of either September 2022 or February 2023, and (b) been provided access to the requested records. To date, VA has not conducted an adequate search for the requested records. The lack of access to the records requested in the aforementioned Privacy Act/FOIA requests has deprived and continues to deprive Mr. Arsenault and his counsel of the ability to effectively pursue the reimbursement claims discussed in paragraph 34 above.

**PLAINTIFF TERRANCE FOWLER'S PRIVACY ACT AND FOIA REQUESTS**

48. While enrolled in the VA health care system, Plaintiff Terrance Fowler experienced more than one medical emergency. Mr. Fowler sought and received emergency medical treatment at non-VA emergency care facilities located closer to him than any VA emergency care facility. Thereafter, Mr. Fowler (or his emergency health care providers on his behalf) submitted claims pursuant to 38 U.S.C. § 1725 for reimbursement of emergency medical expenses incurred for services rendered at Lewis County General Hospital in New York, a non-VA facility, on September 23, November 2, and November 3, 2018.

49. VA sent Mr. Fowler a letter dated November 24, 2020 informing him that VHA had received his reimbursement claims and would be issuing a decision on his reimbursement claims. The letter also requested that he obtain and submit from his private health insurance provider an Explanations of Benefits (EOBs) for the emergency treatment he received at non-VA facilities. As of the date of this Complaint, Mr. Fowler has not received any VHA reimbursement decision.

50. On June 20, 2022, Mr. Fowler signed a VA Form 21-22a appointing Mr. Stichman to represent him regarding his entitlement to reimbursement of emergency medical expenses incurred at a non-VA facility. Mr. Stichman represents Mr. Fowler on a pro bono basis.

51. On July 13, 2022, Mr. Stichman sent two identically worded Privacy Act/FOIA requests on behalf of Mr. Fowler that sought access to "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Fowler or any of his health care providers for emergency care services rendered at Lewis County General Hospital, Lowville, New York for episode of care dates of September 23, 2018 and November 2, 2018." *See* Plaintiffs' Exhibit D hereto. One request was sent to U.S. Department of Veteran Affairs, P.O. Box 30751, Tampa, FL

33630, the address to which Mr. Stichman was informed by a VA attorney to send Mr. Fowler's request for access to his records, and one was sent to Department of Veterans Affairs Evidence Intake Center, P.O. Box 4444, Janesville, WI 53547, which is the centralized mail processing facility for VA disability claims.

52. Mr. Stichman sent the same Privacy Act/FOIA request a third time on October 20, 2022. This third request was sent to Watertown VA Clinic, 1222 Arsenal Street, Suite 10A, Watertown NY, 13601, the VA medical facility where Mr. Fowler receives VA medical care and the address to which VA Form 10-583 states that veterans like Mr. Fowler must submit reimbursement claims pursuant to 38 U.S.C. § 1725.

53. Attached to all three requests was a Privacy Act waiver form signed by Mr. Fowler authorizing disclosure of his records to Mr. Stichman and a copy of the VA Form 21-22a appointing Mr. Stichman as Mr. Fowler's VA attorney on his reimbursement claims. Attached to the Janesville and Watertown requests was also a VA Form 20-10206, VA's standardized Privacy Act/FOIA Request form.

54. Some weeks after October 20, 2022, a VA employee called Mr. Stichman to inform him that he would need to send the same Privacy Act/FOIA request that he sent to the Watertown VA Clinic on October 20, 2022 to the Tampa P.O. Box referred to in paragraph 51 – the same address to which Mr. Stichman had previously sent an identical Privacy Act/FOIA request on July 13, 2022.

55. By letter dated December 5, 2022, a Regional Office Director from Department of Veterans Affairs, 9700 Page Avenue, St. Louis, MO 63132 responded to Mr. Stichman's July 13, 2022 request by providing Mr. Stichman with "the entire VA claims folder on file at this office," which consisted of 324 pages "made by VBA, from a record in VA's possession."

56. None of the 324 pages of documents Mr. Stichman received with the December 5, 2022 letter were among the documents requested in Mr. Stichman's July 13, 2022 Privacy Act/FOIA request on behalf of Mr. Fowler. The 324 pages were located in the "VA claims folder" maintained by the Veterans Benefits Administration (VBA), which maintains records relating to claims by veterans and their survivors for monthly disability and death compensation and pension benefits. Reimbursement claims under 38 U.S.C. § 1725 are submitted to and processed by the Veterans Health Administration (VHA), a different part of the VA than VBA. Generally, documents generated on a VHA reimbursement claim are not placed in the VA claims folder maintained by VBA on disability and death compensation claims over which VBA has jurisdiction.

57. On January 26, 2023, Mr. Stichman sent a timely appeal pursuant to the Freedom of Information Act and Privacy Act to Marvis Harvey at the Office of General Counsel (024), Department of Veterans Affairs, 810 Vermont Avenue, N.W., Washington, D.C. 20420. In a letter submitted with the appeal, Mr. Stichman explained that he was not seeking access to Mr. Fowler's VA hospital records and reiterated that his request was for "all documents possessed by VA, including but not limited to VHA, and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Fowler or any of his health care providers for emergency care services rendered at Lewis County General Hospital, Lowville, New York for the episode of care dates of September 23, 2018 and November 2, 2018, including but not limited to, all Explanation of Benefits and requests for VA or the Department of the Treasury to make payment to Mr. Fowler."

58. The appeal sent to Marvis Harvey at the Office of General Counsel in Washington, D.C. was delivered on January 30, 2023, as shown by a certified mail return receipt.

59. On March 28, 2023, Mr. Stichman received a letter from VA dated February 2, 2023, responding to the January 2023 Privacy Act and FOIA Appeal. The letter stated that VBA had provided everything in its possession, and that it only has access to records contained in the veteran's claims file, "which generally does not include the bulk of the Veteran's VA medical treatment records."

60. On August 28, 2024, Mr. Kelley sent an email to Kathleen Dempsey, a Privacy Officer at Syracuse VA Medical Center, which oversees the Watertown VA Clinic where Mr. Fowler receives care, asking her to contact him regarding Mr. Fowler's Privacy Act/FOIA requests.

61. On August 28, 2024, Ms. Dempsey emailed Mr. Kelley asking him to resend the requests to a fax number that she provided for the Release of Information Office at Syracuse VA Medical Center. Ms. Dempsey also requested that Mr. Kelley include a completed VA Form 10-5345 with the request.

62. On August 29, 2024, Messrs. Stichman and Kelley faxed the completed requested documents to the fax number provided, including all associated documents included in the previous requests, and the completed VA Form 10-5345. *See* Plaintiffs' Exhibit E hereto.

63. On or about September 18, 2024, Mr. Stichman received calls from VA Privacy Officers Russell Walters and Todd Post, who asked him to send Mr. Fowler's past Privacy Act/FOIA requests to VHA Office of Community Care, P.O. Box 30780, Tampa, FL 33630.

64. On October 7, 2024, Mr. Stichman mailed the Privacy Act/FOIA requests and associated attachments to the Tampa P.O. Box as requested. USPS Tracking Information confirms that the request was received on October 16, 2024.

65. As of the date of this complaint, the VA has not (a) responded other than as discussed above to any of Mr. Fowler's Privacy Act/FOIA requests for access to Mr. Fowler's records

maintained by VHA concerning his VHA reimbursement claims, as opposed to Mr. Fowler's VBA records relating to claims administered by VBA, (b) provided access to any of the requested records, and (c) conducted an adequate search for the requested records. The lack of access to the records requested in the aforementioned Privacy Act/FOIA requests deprived and continues to deprive Mr. Fowler and his counsel of the ability to effectively pursue the reimbursement claims discussed in paragraph 48 above.

### PLAINTIFF JOSHUA KIMMEL'S PRIVACY ACT AND FOIA REQUESTS

66. While enrolled in the VA health care system, Plaintiff Joshua Kimmel experienced more than one medical emergency. Mr. Kimmel sought and received emergency medical treatment at non-VA emergency care facilities located closer to him than any VA emergency care facility. Thereafter, Mr. Kimmel (or his emergency health care providers on his behalf) submitted claims to VA under 38 U.S.C. § 1725 for reimbursement of emergency medical expenses he incurred for services rendered at a Brandon Regional Hospital, Brandon, FL, a non-VA medical facility, for episode of emergency care dates of October 29, October 30, and October 31, 2016.

67. Mr. Kimmel received a letter from VA in May 2019 which states that VA "recently received and processed a claim for emergency treatment furnished to you by a non-VA provider," and further stating that there was content in the notice letter previously sent to him that inaccurately stated the legal criteria for reimbursement. This letter indicated that to properly decide Mr. Kimmel's reimbursement claims, VA needed an Explanation of Benefits (EOB) documents from Mr. Kimmel's health care provider or health insurance carrier, and that VA had requested the EOBs from Mr. Kimmel's health care provider.

68. Thereafter, Mr. Kimmel signed a VA Form 21-22a appointing Mr. Stichman to represent him regarding entitlement to reimbursement of emergency medical expenses at a non-VA facility. Mr. Stichman represents Mr. Kimmel on a pro bono basis.

69. On June 29, 2022 Mr. Stichman sent two identically worded Privacy Act/FOIA requests on behalf of Mr. Kimmel seeking "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Kimmel or any of his health care providers for emergency care services . . ." *See* Plaintiffs' Exhibit F hereto. One of these two requests was sent to Veterans Health Administration Office of Community Care, P.O. Box 469060, Denver, CO 80246, which is the return address for VA correspondence related to his reimbursement claims that Mr. Kimmel had previously received. The second of the two Privacy Act/FOIA requests was sent to Department of Veterans Affairs, Evidence Intake Center, P.O. Box 4444, Janesville, WI 53547, which is the centralized mail processing facility for VA disability claims.

70. Attached to the two Privacy Act/FOIA requests was a Privacy Act waiver form signed by Mr. Kimmel authorizing disclosure of his records to Mr. Stichman, a copy of the VA Form 21-22a appointing Mr. Stichman as Mr. Kimmel's VA-accredited attorney, and a VA Form 20-10206, VA's standardized FOIA/Privacy Act Request form. *See* Plaintiffs' Exhibit F hereto.

71. The Veterans Health Administration Office of Community Care in Denver, Colorado received the request on June 30, 2022, as shown by a certified mail return receipt.

72. The Department of Veterans Affairs, Evidence Intake Center in Janesville, Wisconsin received the request on July 1, 2022, as shown by a certified mail return receipt.

73. In July 2022, Mr. Stichman also received a letter dated July 14, 2022 which confirmed receipt of the June 2022 FOIA/Privacy Act Request. The return address on the letter was

Department of Veterans Affairs, 9700 Page Ave., St. Louis, MO 63132. The July 14, 2022 letter "acknowledge[d] receipt of [the] request for a copy of your or your client's Department of Veterans Affairs (VA) claims file or information contained therein, including service treatment records." The VA generally uses the phrase "claims file" to refer to the file maintained by VBA that contains documents related to a claim that the VBA has jurisdiction to decide, and that file does not normally contain documents related to a claim filed with VHA for reimbursement of emergency medical expenses.

74. Mr. Stichman sent the same Privacy Act/FOIA request on Mr. Kimmel's behalf a third time on October 6, 2022, again seeking "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Kimmel or any of his health care providers for emergency care services . . ." This request was sent to Zephyrhills VA Clinic, 6937 Medical View Lane, Zephyrhills, FL 33542, the VA medical center where Mr. Kimmel obtains medical care and the address to which VA Form 10-583 states that veterans like Mr. Kimmel must submit reimbursement claims pursuant to 38 U.S.C. § 1725.

75. Attached was the same Privacy Act waiver form signed by Mr. Kimmel authorizing disclosure of his records to Mr. Stichman, the same copy of the VA Form 21-22a appointing Mr. Stichman as Mr. Fowler's VA attorney, and the same VA Form 20-10206, VA's standardized FOIA/Privacy Act Request form that accompanied Mr. Kimmel's previous Privacy Act requests referred to above.

76. The Zephyrhills VA Clinic in Zephyrhills, Florida received the request on October 11, 2022, as shown by a certified mail return receipt.

77. In a letter dated November 4, 2022, a Regional Office Director from Department of Veterans Affairs, 9700 Page Avenue, St. Louis, MO 63132 responded to Mr. Stichman's June 29, 2022 request that was sent to VA Evidence Intake Center in Janesville, Wisconsin by providing Mr. Stichman with "the entire VA claims folder on file at this office" on an enclosed Compact Disc, which consisted of 3,358 pages "made by VBA, from a record in VA's possession."

78. None of the 3,358 pages Mr. Stichman received with the November 4, 2022 letter were among the documents requested in Mr. Stichman's June 29, 2022 Privacy Act/FOIA request.

79. On December 28, 2022, Mr. Stichman sent a timely appeal of VA's November 4, 2022 response pursuant to the Freedom of Information Act and Privacy Act to Marvis Harvey at the Office of General Counsel (024), Department of Veterans Affairs, 810 Vermont Avenue, N.W., Washington, D.C. 20420. The appeal letter reiterated Mr. Stichman's request was for access to "all documents possessed by VA, VHA, and Community Care Centers, that relate to any and all 38 U.S.C § 1725 reimbursement claims submitted by Mr. Kimmel or any of his health care providers for emergency care services rendered at Brandon Regional Hospital for the episode of care dates of April 19, 2016 and October 29, 2016-October 31, 2016 and any other reimbursement for emergency medical care." The appeal letter stated that none of the documents that VA had previously disclosed were responsive to that request. *See* Plaintiffs' Exhibit G hereto.

80. On December 28, 2022, Mr. Stichman also emailed a copy of the appeal documents to ogcfoiaappeals@va.gov.

81. The mailed December 28, 2022 appeal was delivered to the Office of General Counsel ("OGC") in Washington, D.C. on January 3, 2023, as shown by a certified mail return receipt. As of the date of this complaint, Messrs. Stichman, Kelley, and Kimmel have not received any response to, or decision on, this appeal from OGC or any other component of the VA.

23

82. On August 26, 2024, Mr. Kelley called the Privacy Office at James A. Haley Veterans' Hospital, which oversees the Zephyrhills VA Clinic where Mr. Kimmel received care.

83. Mr. Kelley, who works with Mr. Stichman, spoke with Privacy Officer Mark Harris, who asked Mr. Kelley to fax Mr. Kimmel's Privacy Act/FOIA request to the Release of Information (ROI) Office at that medical facility and provided Mr. Kelley with a fax number.

84. On August 28, 2024, Mr. Kelley successfully faxed a copy of Mr. Kelley's prior Privacy Act/FOIA request to the ROI Office at the fax number provided.

85. On October 1, 2024, Messrs. Stichman and Kelley called the ROI office and spoke with an employee who informed them that a delay letter had been sent that day informing them that more time was needed to process the Privacy Act/FOIA request.

86. On October 24, 2024, Mr. Kelley called the ROI office and asked for a copy of the delay letter, as Messrs. Kelley and Mr. Stichman had not yet received a VA delay letter. An employee named Litheria informed Mr. Kelley that the delay letter was sent to an incorrect address, that she could not email the letter to him, and that she would have it faxed to him instead.

87. On November 5, 2024, Mr. Kelley called the ROI office again, having still not received the delay letter or a response to Mr. Kimmel's Privacy Act/FOIA request. Mr. Kelley spoke with an employee at the ROI Office named Armond.

88. Armond informed Mr. Kelley that the requested records were mailed on October 1, 2024, over a month earlier, to him and Mr. Stichman at 1100 Wilson Blvd., Suite 900, Arlington, VA 22209, which is the address of the office where Messrs. Kelley and Stichman work. Mr. Kelley informed Armond that no records mailed to that address had been received and asked Armond to fax them.

89. On November 5, 2024, Messrs. Stichman and Kelley received a fax copy of the requested delay letter. On November 6, 2024, Messrs. Stichman and Kelley received documents from the ROI office purporting to be its response to Mr. Kimmel's Privacy Act/FOIA request. The entire response consisted of medical treatment records of Mr. Kimmel prepared by medical professionals employed by or agents of the Veterans Health Administration. Some of these records referred to some of the emergencies Mr. Kimmel had experienced that resulted in emergency medical treatment by non-VHA medical facilities. For example, one record states that Mr. Kimmel's emergency treatment "on 10/29/16 met 38 U.S.C. § 1725 . . . clinical criteria including Prudent Layperson definition of emergency," implying that VA may have made, but failed to disclose, a VHA decision on his reimbursement claims.   But none of the records disclosed by the ROI office included the other documents that VHA typically possesses on a veteran's claims for reimbursement of emergency medical expenses incurred at non-VA facilities—such as the reimbursement claims themselves; billing information prepared by non-VA emergency transportation and treatment providers; VHA requests for information relevant to the reimbursement claim sent by VA to non-VA health care providers, the veteran's private health insurance carrier(s), and/or the veteran; responses or other communications sent to VA by non-VA health care providers, the veteran's private health insurance carrier(s), and/or the veteran that relate to the reimbursement claim; VHA decisional documents related to the reimbursement claim; and requests from VHA to the U.S. Treasury for VA payments related to the reimbursement claim.

90. On November 8, 2024, Mr. Kelley called the ROI Office to ask whether the response was intended to be a complete response to Mr. Kimmel's Privacy Act/FOIA request. An employee at the ROI Office informed Mr. Kelley over the phone that the response was intended to be a complete

response and that the request had been designated as "closed and granted" in their electronic database.

91. On November 12, 2024, Mr. Stichman sent a letter documenting this conversation to the ROI Office at 13000 Bruce B. Downs Blvd., Mail Stop: 16A, Tampa, FL 33612, to confirm that VA's position was that the response was a complete response to Mr. Kimmel's Privacy Act/FOIA request. USPS tracking information confirms receipt of this letter by the ROI Office on November 18, 2024.

92. As of the date of this complaint, Messrs. Stichman, Kelley, and Kimmel have not received any response to any of Mr. Kimmel's three Privacy Act/FOIA requests other than those responses described in paragraphs 73, 77, and 89 above. To date, VA has not provided Mr. Kimmel or his counsel with access to all the VHA records requested in Mr. Kimmel's three Privacy Act/FOIA requests, and VA has failed to conduct an adequate search for those documents. The lack of access to the records requested in the aforementioned Privacy Act/FOIA requests has deprived and continues to deprive Mr. Kimmel and his counsel of the ability to effectively pursue the reimbursement claims discussed in paragraph 66 above.

**PLAINTIFF EARL PAULSON'S PRIVACY ACT AND FOIA REQUESTS**

93. Plaintiff Earl Paulson (or his health care provider(s)) filed VA claims for reimbursement under 38 U.S.C. § 1725 for emergency medical expenses incurred at several non-VA medical facilities in Indiana beginning on April 5, 2016 and continuing each day to and including April 18, 2016; April 20, 2016; May 1, 2016; May 2, 2016; May 3, 2016; and September 29, 2016.

94. Mr. Paulson received a letter from VA dated May 25, 2016 denying his claim for reimbursement for "Episode of Care Beginning: 04/05/2016." He also received correspondence from VA dated April 17, 2020 stating that VA had previously denied his claim for reimbursement

because he had other health insurance, but that in light of recent litigation, if it had all needed information, it would redecide his claim.

95. On January 26, 2021, Mr. Paulson signed a VA Form 21-22a appointing Mr. Stichman to represent him regarding entitlement to reimbursement of emergency medical expenses at non-VA facilities. Mr. Stichman represents Mr. Paulson on a pro bono basis.

96. On November 3, 2022, Mr. Stichman sent a Privacy Act/FOIA request on behalf of Mr. Paulson that sought "all documents possessed by VA, including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Paulson or any of his health care providers for emergency care services . . ." to Richard L. Roudebush Veterans' Administration Medical Center, 1481 West Tenth Street, Indianapolis, IN 46202, the VA medical center where Mr. Paulson receives VA medical care and the address to which VA Form 10-583 states that veterans like Mr. Paulson must submit reimbursement claims pursuant to 38 U.S.C. § 1725. *See* Plaintiffs' Exhibit H hereto.

97. Attached to the November 3, 2022 request was a Privacy Act waiver form signed by Mr. Paulson authorizing disclosure of his records to Mr. Stichman, a copy of the VA Form 21-22a appointing Mr. Stichman as Mr. Paulson's VA accredited attorney, and a VA Form 20-10206, VA's standardized FOIA/Privacy Act Request form. *See* Plaintiffs' Exhibit H hereto.

98. The Richard L. Roudebush VA Medical Center in Indianapolis, Indiana received the November 3 request on November 9, 2022, as shown by a certified mail return receipt.

99. When more than 21 months expired without a VA response to or confirmation of the November 3, 2022 Privacy Act/FOIA request, Mr. Stichman and his colleague, Mr. Kelley telephoned the Privacy Office at the Richard L. Roudebush VA Medical Center on August 24,

2024 and spoke to Privacy Officer Nick Frain. Mr. Frain asked that Mr. Stichman resend the Privacy Act request by email to indprivacyoffice@va.gov.

100.    On August 27, 2024, Mr. Stichman resent the Privacy Act/FOIA request and associated attachments to the email address provided by Mr. Frain.

101.    On October 3, 2024, Mr. Kelley called Mr. Frain to check the status of the Privacy Act/FOIA request. Mr. Frain informed Mr. Kelley that he was unable to find the request that Mr. Stichman had emailed and asked him to send it again, this time directly to him at nicholas.frain@va.gov. Mr. Kelley forwarded Mr. Stichman's original email with the attached Privacy Act/FOIA request and associated attachments to Mr. Frain at his email address, and Mr. Frain confirmed over the phone with Mr. Kelley that he received it.

102.    On or about October 22, 2024, Mr. Stichman received an acknowledgement letter from Privacy Officer Tom Sexson, dated October 18, 2024, informing him that his request was being processed under the Freedom of Information Act (FOIA).

103.    On November 1, 2024, Mr. Stichman received an email from Mr. Sexson with an attached letter from VA that denied Mr. Paulson's request as processed under the FOIA. The attached letter based the FOIA denial on the ground that VA had searched the Richard L. Roudebush VA Medical Center for the requested records, specifically the Release of Information and Community Care services within that medical center, but none of the locations searched possessed the requested records. In Mr. Sexson's email that accompanied the FOIA denial letter, Mr. Sexson informed Mr. Stichman that VA determined that the Richard Roudebush VA Medical Center does not maintain the requested records, but he stated – contrary to VA's statement in the FOIA denial that VA had searched all locations that might possibly possess the requested records

28

– that VHA 104P or the Financial Services Center may maintain the requested records. Mr. Sexson provided a contact email address for VHA 104P, but not for the Financial Services Center.

104.    Although the Privacy Act and FOIA place the obligation to search for requested records on the agency, not on the Privacy Act or FOIA requester, on November 19, 2024, Mr. Stichman affirmatively took the following action: he emailed VHA 104P informing that office of the records sought and attaching, again, Mr. Paulson's Privacy Act/FOIA request and associated documents.

105.    On November 25, 2024, Messrs. Stichman and Kelley received an email from Sophia Mullins-Cunningham, an Administrative Officer at VHA 104P, stating "VHA Office of Finance recommend[s] this be forwarded to the FOIA Office for official response/processing."

106.    On December 6, 2024, Mr. Stichman sent an appeal on behalf of Mr. Paulson of Mr. Sexson's FOIA response to ogcfoiaappeals@va.gov, alleging that VHA had not conducted an adequate search for the requested records. The OGC FOIA Appeals Office emailed an acknowledgement letter confirming receipt of the appeal the same day.

107.    As of the date of this complaint, the VA has not (a) provided Mr. Paulson access to the records described in any of his aforementioned Privacy Act or FOIA requests; (b) issued a decision on Mr. Paulson's agency appeal discussed in paragraph 106, despite expiration of the statutory deadline for deciding a FOIA appeal set forth in the 5 U.S.C. § 552(a)(6)(A)(ii), and (c) conducted an adequate search for the requested records. The lack of access to the records requested in the aforementioned Privacy Act and FOIA requests has deprived and continues to deprive Mr. Kimmel and his counsel of the ability to effectively pursue the reimbursement claims discussed in paragraph 92 above.

**PLAINTIFF KENNETH SCHMIDT'S PRIVACY ACT AND FOIA REQUESTS**

108.     While enrolled in the VA health care system, Plaintiff Kenneth Schmidt experienced a medical emergency in 2018. Mr. Schmidt sought and received emergency medical treatment at non-VA emergency care facilities located closer to him than any VA emergency care facility. Thereafter, Mr. Schmidt (or his emergency health care providers on his behalf) submitted claims to VA under 38 U.S.C. § 1725 for reimbursement of emergency medical expenses he incurred for services rendered at several non-VA medical facilities in Wisconsin on March 11, 12, 13, and 14, 2018.

109.     Mr. Schmidt received a letter from the VA Medical Center in Milwaukee, Wisconsin dated August 31, 2018 entitled "Summary of VA Payments." The letter lists several payments made by the VA Medical Center in Milwaukee to non-VA health care providers in the aggregate amount of $490.31 with "dates of service" associated with those payments of March 11, 2018 to March 14, 2018. The letter does not state that it is a decision on Mr. Schmidt's reimbursement claims and does not provide the notice of appellate rights that must be provided by VA regulations to a reimbursement claimant with a decision on a reimbursement claim. As of the date of this complaint, Mr. Schmidt has not received any payments from VA related to his reimbursement claims for his medical emergencies in 2018, and Mr. Schmidt believes that he remains entitled to payments from VA associated with his medical emergencies in 2018.

110.     On January 31, 2023, Mr. Schmidt signed a VA Form 21-22a appointing Mr. Stichman to represent him regarding his entitlement to reimbursement of emergency medical expenses incurred at non-VA facilities. Mr. Stichman represents Mr. Schmidt on a pro bono basis.

111.     On March 6, 2023, Mr. Stichman sent two identical requests on behalf of Mr. Schmidt pursuant to the Privacy Act and FOIA for access to "all documents possessed by VA,

including but not limited to VHA and Community Care Centers, that relate, advert to, or concern any and all 38 U.S.C. § 1725 reimbursement claims submitted by Mr. Schmidt or any of his health care providers for emergency care services . . ." One of the two Privacy Act/FOIA requests was sent to Clement J. Zablocki Veterans' Administration Medical Center, 5000 West National Ave., Milwaukee, WI 53295, the VA medical center where Mr. Schmidt receives VA health care, and the address to which VA Form 10-583 states that veterans like Mr. Schmidt must submit reimbursement claims pursuant to 38 U.S.C. § 1725. *See* Plaintiffs' Exhibit I hereto. The other Privacy Act/FOIA request was sent to the U.S. Department of Veterans Affairs, P.O. Box 30751, Tampa, FL 33630, the address to which a VA attorney informed Mr. Stichman he should send a request for access to VA records concerning the reimbursement claims of veterans like Mr. Schmidt.

112.    Attached to each March 6, 2023 request was a Privacy Act waiver form signed by Mr. Schmidt authorizing disclosure of his records to Mr. Stichman, the VA Form 21-22a appointing Mr. Stichman as Mr. Schmidt's representative, and a signed VA Form 20-10206 requesting the information under the Freedom of Information Act (FOIA) or Privacy Act. *See* Plaintiffs' Exhibit I hereto.

113.    When more than 17 months expired without a VA response to or confirmation of either March 2023 Privacy Act or FOIA request, on August 26, 2024 and August 28, 2024, Mr. Stichman and his colleague, Mr. Kelley called the Privacy Office at the Clement J. Zablocki VA Medical Center in an attempt to obtain an update on the status of Mr. Schmidt's Privacy Act/FOIA request, leaving voicemails asking the Privacy Officer to call them back.

114.    On August 29, 2024, an employee from the Privacy Office called Mr. Kelley and informed him that the Privacy Office had no record of Mr. Schmidt's March 2023 Privacy

Act/FOIA request. The employee asked Mr. Kelley to send the request to Mary Foreman at the Release of Information Office for the Clement J. Zablocki VA Medical Center and provided an email and fax number for Ms. Foreman. The employee also informed Mr. Kelley that Ms. Foreman is the supervisor at the ROI Office.

115.    On August 29, 2024, Mr. Kelley faxed the Privacy Act/FOIA request and associated attachments to the fax number for Mary Foreman as provided by the Privacy Office employee.

116.    On October 1, 2024, Mr. Kelley emailed Ms. Foreman asked for a status update on Mr. Schmidt's Privacy Act/FOIA request. Ms. Foreman responded the same day stating that Mr. Kelley should fax the request to the CPAC/Billing Department and provided a fax number.

117.    On October 1, 2024, Mr. Kelley faxed the Privacy Act/FOIA request to the CPAC/Billing Department via the fax number provided by Ms. Foreman.

118.    On November 4, 2024, Mr. Stichman received a letter from VA, dated October 23, 2024, stating that a request for Mr. Schmidt's "claims file" had been received, and that the claims file would be provided. At the top of the letter was the following address: Department of Veterans Affairs, 9700 Page Ave., St. Louis, MO 63132.

119.    On November 12, 2024, Mr. Stichman sent a letter to Department of Veterans Affairs, 9700 Page Ave., St. Louis, MO 63132 stating that he is not seeking Mr. Schmidt's VBA "claims file", but records in possession of the Veterans Health Administration (VHA). USPS Tracking Information confirms the letter was delivered on November 18, 2024.

120.    As of the date of this complaint, neither Mr. Stichman, Mr. Kelley, or Mr. Schmidt has received from VA (a) any communication about either of his March 6, 2023 Privacy Act/FOIA requests other than as stated above, and (b) access to any of the records requested pursuant to the Privacy Act or FOIA. VA has not conducted an adequate search for the requested records. The

lack of access to the records requested in the aforementioned Privacy Act/FOIA requests has deprived and continues to deprive Mr. Schmidt and his counsel of the ability to effectively pursue the reimbursement claims discussed in paragraph 108 above.

## CLAIMS FOR RELIEF

121.    Plaintiffs repeat and incorporate every allegation contained in paragraphs 1-120 as if set forth here in full.

122.    Defendant's failure to act on the requests of each of the six individual Plaintiffs (i.e., Messrs. Allen, Arsenault, Fowler, Kimmel, Paulson, and Schmidt) for access to all of the records related to each Plaintiff's previously filed reimbursement claims constitutes agency action unlawfully withheld or unreasonably delayed within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

123.    Defendant's failure to conduct an adequate search for the records requested by each of the six individual Plaintiffs constitutes a refusal to comply with each such Plaintiff's individual requests submitted pursuant to the FOIA, 5 U.S.C. § 552(a)(3), and Privacy Act, 5 U.S.C. § 552a(d)(1), within the meaning of subsection (g)(1)(B) of the Privacy Act, and violates the rights of each such Plaintiff under 5 U.S.C. §§ 552(a)(3), 552a(d)(1) and 552a(g)(1)(B), 38 C.F.R. §§ 1.577 and 1.580, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and thus constitutes agency action that is not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

124.    Defendant's failure within a reasonable period of time to provide notice of, and a brief statement of the grounds for, denying each of the six individual Plaintiff's requests for access to agency records violates the right of each such Plaintiff under 5 U.S.C. § 555(b) to prompt notice of and a brief statement of the grounds for denial, and thus constitutes agency action that is not in

accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

125.    Defendant's failure to provide each of the six individual Plaintiffs with access to all of the records he requested, constitutes agency action that is "unlawfully withheld or unreasonably delayed" within the meaning of 5 U.S.C. § 706(1), and violates the rights of each such Plaintiff under 5 U.S.C. §§ 552(a)(3), 552a(d)(1) and 552a(g)(1)(B), 38 C.F.R. §§ 1.577 and 1.580, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and thus constitutes agency action that is not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

126.    Defendant's failure to make a determination with respect to the FOIA appeal of Plaintiffs Kimmel (discussed in paragraphs 79-81 above) and the FOIA appeal of Plaintiff Paulson (discussed in paragraph 106 above) within 20 business days of receipt of each such appeal violates the rights of each such Plaintiff under 5 U.S.C. § 552(a)(6)(ii), and thus constitutes agency action that is not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

127.    Defendant's failure to make a determination with respect to the FOIA requests of Plaintiffs Allen, Arsenault, and Schmidt (discussed in paragraphs 22, 39, and 111) within 20 business days of receipt of each such request violates the rights of each such Plaintiff under 5 U.S.C. § 552(a)(6)(i), and thus constitutes agency action that is not in accordance with law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).

WHEREFORE, Plaintiffs respectfully request that this Court:

A.  Declare unlawful Defendant's withholding from each of the six individual Plaintiffs the agency records described in the Privacy Act/FOIA requests submitted to VA by each of the six individual Plaintiffs;

B.  Order Defendant to disclose to each individual Plaintiff the records that are the subject of each Plaintiff's Privacy Act/FOIA requests within 30 days of the Court's Order;

C.  Award Plaintiffs their reasonable costs and attorney's fees under 5 U.S.C. 552a(g)(3)(B) and 5 U.S.C. § 552(a)(4)(E), or, alternatively, 28 U.S.C. § 2412; and

D.  Grant all other appropriate relief.

Dated: January 30, 2025                     Respectfully Submitted,

/s/ Barton F. Stichman
Barton F. Stichman (D.D.C. Bar No. 218834)
National Veterans Legal Services Program
1100 Wilson Blvd. Suite 900
Arlington, VA 22209
Phone: (202) 621-5677
Email: bart@nvlsp.org

/s/ Renee A. Burbank
Renee A. Burbank (D.D.C. Bar No. 90004342)
National Veterans Legal Service Program
1100 Wilson Blvd. Suite 900
Arlington, VA 22209
Phone: (202) 621-5780
Email: Renee.Burbank@nvlsp.org

/s/ Ryan Kelley
Ryan Kelley (D.D.C. Bar No. 1018452)
National Veterans Legal Services Program
1100 Wilson Blvd. Suite 900
Arlington, VA 22209
Phone: (202) 621-5707
Email: ryan.kelley@nvlsp.org

/s/ Alessandra M. Venuti
Alessandra M. Venuti (D.D.C. Bar No. 1017138)

National Veterans Legal Services Program
1100 Wilson Blvd. Suite 900
Arlington, VA 22209
Phone: (202) 721-0182
Email: alie@nvlsp.org

*Attorneys for Plaintiffs*